**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK MAIN, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| *vs.* | § § | Civil Action No. 5:22-cv-00412 |
| CAPITAL ONE BANK (USA), N.A.; MOSS LAW FIRM P.C.; MICHAEL A. MOSS; and MERCHANTS BONDING COMPANY(MUTUAL), | § § § § § | |
| *Defendants.* | § § | |

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Mark Main ("Main"), individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Capital One Bank (USA), N.A. ("Capital One"), Moss Law Firm, P.C. ("Moss P.C."), Michael A. Moss ("Moss"), and Merchants Bonding Company (Mutual) ("Merchants"), and in support thereof, would respectfully show this honorable Court and jury the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action for the Defendants' breach of contract and violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p and Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq.* when collecting an alleged debt from him

**A.    *Fair Debt Collection Practices Act.***

2.    The FDCPA regulates the behavior of collection agencies attempting to collect debts on behalf of another. The United States Congress found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to numerous personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.    The FDCPA is a strict liability statute that provides actual and statutory damages upon showing a single violation. Courts reviewing FDCPA complaints "must evaluate any potential deception under an unsophisticated or least sophisticated consumer standard, assuming the Plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of such practices. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation

or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the false representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

5.      The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair and unconscionable means to collect debts and names a non-exhaustive list of certain per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8).

**B.      Texas Debt Collection Act.**

6.      The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24, 27 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and Deceptive Trade Practices Acts).

7.      Plaintiff seeks declaratory and injunctive relief, actual, statutory, and exemplary damages, attorney fees and costs, and such other relief, whether equitable or legal in nature, as deemed appropriate under the FDCPA, TDCA, common law, and all other applicable statutes and regulations.

## II.   PARTIES

1.      Plaintiff is a natural person who, at all relevant times, is a citizen of, and resides in, Bexar County, Texas.

2.      Capital One is a division of Capital One Financial Corporation, a corporation organized under Delaware law.

3.      Capital One's principal place of business is 4851 Cox Road, Glen Allen, Virginia 23060.

4.      Capital One may be served with process via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

5.      Moss P.C. is a professional corporation organized under Texas law.

6.      Moss P.C.'s principal place of business is 5110 80th Street, Suite B, Lubbock, Texas 79424.

7.      Moss P.C. may be served with process via its registered agent, Michael A. Moss, at 5110 80th Street, Suite B, Lubbock, Texas 79424, or wherever it may be found.

8.      At all relevant times, Moss is an attorney at law licensed by the State of Texas, having been admitted on November 3, 2006, and holding Bar Number 24054360.

9.      At all relevant times, Moss is, and has been, a citizen and resident of Lubbock County, Texas and may be served with citation at 6020 87th Street, Lubbock, Texas 79424-3695, or wherever he may be found.

10.     Merchants is an Iowa corporation operating as a casualty and surety company within the State of Texas.

11.     On information and belief, Merchants maintains its principal business address at 6700 Westown Parkway, Des Moines, Iowa 50266 and may be served wherever it is found.

12.     Under Texas Finance Code § 392.101(a) "[a] third-party debt collector…may not engage in debt collection unless the third-party debt collector… has obtained a surety bond issued by a surety company authorized to do business in Texas."

13.     Texas Finance Code § 392.101(b)(1) provides that "[t]he third-party debt collector's surety bond must be in favor of any person who is damaged by a violation of [Texas Finance Code § 392, *et seq*.]."

14.     Texas Finance Code § 392.102 provides that "[a] person who claims against a bond for violation of [Texas Finance Code § 392, *et seq*.] may maintain an action against the third-party debt collector…and against the surety."

15.     Merchants issued Moss P.C. a bond in favor of all persons damaged by Moss P.C.'s TDCA violations.

16.     Plaintiff has been, and continues to be, damaged by Moss P.C.'s TDCA violations and, thus, he claims against the bond Merchants issued Moss P.C.

17.     Merchants is liable to Plaintiff for the full extent of Moss P.C.'s liability up to the $10,000.00 limit of its bond.

### III.   VENUE AND JURISDICTION

18.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

19.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

20.     Venue is appropriate in this federal district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transact business within and, thus, reside in, this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

## IV.   FACTUAL ALLEGATIONS

21.     Prior to July 2019, Plaintiff incurred a $4,804.39 financial obligation owed to Capital One Bank (USA), N.A. ("Capital One"), arising from a credit card he used to make purchases for his personal, family, and household purposes ("Debt").

22.     Moss P.C. regularly collects defaulted consumer debts owed to others like Capital One.

23.     Moss P.C.'s principal business purpose is collecting defaulted consumer debts.

24.     Moss P.C. uses instruments of interstate commerce such as the mails, telephone, and internet when collecting and attempting to collect consumer debts.

25.     Capital One transferred the Debt to Moss P.C. for collection.

26.     Moss P.C., acting on behalf of and at Capital One's direct instruction, filed suit against Plaintiff to collect the Debt in Cause No. 41DC1901631 in the Justice Court, Precinct 4, Place 1, Bexar County, Texas ("Collection Lawsuit").

27.     Moss P.C. and Capital One asserted the Debt was in default in the Collection Lawsuit.

28.    Capital One settled its Collection Lawsuit by entering into a "NON-EXECUTION AGREEMENT" with Plaintiff ("Agreement").

29.    A true copy of the Agreement is attached hereto as *Exhibit 1*.

30.    Moss P.C. drafted the Agreement using a form document.

31.    Specifically, the Agreement was created by merging electronically stored information specific to a consumer's debt and lawsuit with predetermined electronically-stored text defined by a template, and printing the result. In effect, the debt and case specific information is used to populate the blanks in the template to produce the Agreement which Moss P.C. uses in all lawsuits for its creditor clients.

32.    Capital One approved the Agreement.

33.    On November 22, 2019, Plaintiff signed the Agreement.

34.    On December 2, 2019, Moss P.C. signed the Agreement for Capital One at Capital One's instruction.

35.    The Agreement was secured by an Agreed Judgment for $4,804.39; however, the Agreement contained the following material term regarding Capital One's entry of such a judgment against Plaintiff:

> Agreement Not to Execute. So long as [Plaintiff] abides by the terms of the Payment Plan set forth in this Agreement, [Capital One] agrees not to execute on the Judgment.

36.    The "Payment Plan" set forth in the Agreement required Plaintiff to pay Capital One $2,470.00, beginning with a $170.00 down-payment followed by in monthly installment payments of $100.00 sent to Moss P.C. "until the Judgment is paid in full."

37.    Plaintiff paid Capital One his $170.00 down-payment as required by the

Agreement's Payment Plan.

38.　On December 6, 2019, Moss P.C. sent the Justice Court a copy of the Agreed Judgment, and the court signed and entered it.

39.　On January 10, 2020, Moss P.C. recorded an Abstract of Judgment in the Bexar County, Texas Property Records.

40.　A true copy of the recorded Abstract of Judgment is attached as *Exhibit 2*.

41.　Under Tex. Prop. Code § 52.003(8) an abstract of judgment "must show… the amount for which the judgment was rendered and the balance due."

42.　As of December 17, 2019, when Moss P.C. signed the Abstract of Judgment, the balance due on the Judgment had already been reduced by Main's initial $170.00 payment required under the Agreement's Payment Plan.

43.　*Exhibit 2* falsely claimed Plaintiff owed the full amount of the Judgment (*i.e.*, $4,809.39) and Defendants knew this fact at the time of recording.

44.　Defendants' recording of *Exhibit 2* in the Bexar County, Texas Property Records, placed a cloud over, and slandered, Main's homestead title and other property which was also owned by Main's wife.

45.　Defendants' recording of *Exhibit 2* in the Bexar County, Texas Property Records, restrained and impaired of Main's ability to purchase and sell property.

46.　Defendants' recording of *Exhibit 2* impaired of Main's wife's ability to sell her homestead and to jointly purchase any property with her husband.

47.　Defendants' recording of *Exhibit 2* constitutes their enforcement of the Judgment against Plaintiff.

48.     The Agreement's terms prohibited Capital One from recording an

Abstract of Judgment *unless* Main "fails to complete the agreed upon Payment Plan," in

which case:

> the full amount of the Judgment will be owed, less any
> payments made, and [Capital One] may execute on the
> Judgment.

49.     At all times relevant to this Complaint, Plaintiff the Agreement's Payment

Plan by timely making his monthly installment payments.

50.     Defendants accepted all Plaintiff's installment payments and have never

claimed he breached the Agreement.

51.     The Agreement neither prohibited, nor restrained, Plaintiff's ability to

purchase or sell any personal or real property provided, of course, he did not default on

the Agreement and he completed the Payment Plan.

52.     The recordation and indexing of an abstract of judgment perfects a

judgment lien on, and attaches to, any real property located in county of recording and

owned by or subsequently acquired by judgment debtor. Tex. Prop. Code § 52.001.

53.     Plaintiff only entered into the Agreement because Defendants represented

they would stop collecting the Debt and not enforce the Agreed Judgment if he abided

by the Payment Plan's terms. Plaintiff would never have entered into the Agreement if

Defendants represented otherwise because he was trying to *avoid* having liens placed

against his property and having to pay the entire Debt in one payment.

54.     Plaintiff neither knew, nor approved, of Capital One obtaining liens

against any current or future property he owns.

55.     Plaintiff neither knew, nor approved, of Moss P.C. and Capital One recording an Abstract of Judgment.

56.     The act of recording an Abstract of Judgment informs the public, including people who do business with the debtor, that the debtor's property is no longer free and clear due to the abstract of judgment.

57.     *Exhibit 2* falsely informs the public that Main owed Capital One the full amount of the Judgment and that Capital One had a lien against his property for that amount but Plaintiff was prevented under the Agreement from disclosing that fact.

58.     As of April 27, 2021, Main only had eight $100.00 installment payments remaining to Capital One under the Agreement.

59.     In April 2021, Main attempted to sell his homestead, but was unable to do so because Defendants enforced the Judgment by placing a lien against his property.

60.     Plaintiff was forced to incur the time and expense of hiring a lawyer to help him get Capital One's lien released from his homestead.

61.     On April 27, 2022, Capital One expressly refused to release its Judgment lien on Plaintiff's homestead unless he first paid the *entire* remaining $800.00 balance due under the Agreement's Payment Plan even though he had never defaulted.

62.     On April 27, 2022, Amber O. Teal, informed Plaintiff that Moss P.C.'s policy and practice, and instructions from its creditor clients, is to always: *(i)* record an Abstract of Judgment against every judgment debtor who enters into a settlement agreement, in the form of *Exhibit 1*, with Moss P.C.'s creditor clients; and *(ii)* require the

judgment-debtor to *pay in-full* the *entire balance* owed under the settlement agreement—even where there has never been a default—before Moss P.C. and its client will record a Release of Judgment Lien.

63.    On April 27, 2022, consistent with Moss P.C.'s established business policy, and Capital One's instructions, Amber O. Teal informed Plaintiff that Moss P.C. would not record a Release of Judgment Lien for his homestead or otherwise release its lien unless he immediately paid Capital One the *entire* remaining $800.00 balance due under the Agreement's Payment Plan.

64.    On May 3, 2021, the title company paid Moss P.C. the remaining $800.00 on Main's behalf that Capital One demanded but required Main *and his wife* to execute an indemnity agreement to pay all costs if Capital One did not release its Judgment lien.

65.    On May 5, 2021, Moss P.C. confirmed by letter that Plaintiff's $800.00 payment to Capital One had posted.

66.    A true copy of Moss P.C.'s May 5, 2021, letter is attached as *Exhibit 3*.

67.    Moss P.C. waited until May 19, 2021, to record Capital One's Release of Judgment lien against Main's property.

68.    A true copy of Defendants' Release of Judgment Lien is attached as *Exhibit 4*.

69.    Capital One's wrongly recorded Abstract of Judgment damaged Plaintiff's credit and reputation, caused him to incur fees, delayed the sale of his home, and forced him to accelerate *all* payments under the Settlement despite never being in default.

70.    Capital One, with Moss P.C.'s assistance, materially breached the

Agreement in several respects as set forth herein.

71.    The Defendant never intended to perform their obligations under the

Agreement.

72.    Plaintiff was damaged as a direct consequence of Defendants' wrongful

conduct.

73.    Defendants' wrongful conduct, as set forth in the preceding paragraphs,

caused, and continues to cause, Plaintiff significant emotional upset, stress, anxiety,

humiliation, and monetary loss.

## V.    CLASS ALLEGATIONS

74.    Plaintiff brings this action individually and as a class action on behalf of

all other persons similarly situated under Fed. R. Civ. P. 23.

75.    Subject to discovery and further investigation which may cause Main to

modify the class definition to be more or less inclusive, Main defines the "Class" as:

> All natural persons with a Texas address who, between April
> 26, 2018 and the date a class is certified, were sued by Moss
> Law Firm P.C. on behalf of Capital One Bank (USA), N.A.
> where: *(i)* the parties entered into an agreement in the form of
> ***Exhibit A***; *(ii)* following execution of the agreement Moss
> P.C., on behalf of Capital One, recorded an Abstract of
> Judgment prior to any default of the Payment Plan.

Main also defines a "TDCA Subclass" as including each Class Member:

> Each Class member where Moss Law Firm P.C., on behalf of
> Capital One Bank (USA), N.A. recorded the Abstract of
> Judgment between April 26, 2020 and May 26, 2022.

Main also defines a "FDCPA Subclass" as including each Class Member:

> Each Class member where Moss Law Firm P.C., on behalf of
> Capital One Bank (USA), N.A. recorded the Abstract of

Judgment between April 26, 2021 and May 26, 2022.

76.     The Class and Subclasses exclude each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging breach of contract or violations of the FDCPA or TDCA based on the same factual predicate alleged herein, or (d) signed a general release of claims against Moss P.C. or Capital One. The Class and Subclasses also exclude Main's counsel, or an employee or family member of his counsel.

77.     Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), Main may, in addition to moving for class certification using modified definitions of the Class and Subclass Claims, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

78.     The identity of each Class and Subclass member is readily ascertainable from the business records of Moss P.C. and Capital One.

79.     This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

(a)     *Numerosity*. The Class and Subclass members are so numerous and geographically disbursed that joinder of all members is impractical. There are at least 40 such Class and Subclass members.

(b)     *Commonality*. Common questions of law and fact exist as to all Class and Subclass members, the principal issues are: whether Defendants'

breached their contracts with Class members by recording an Abstract of

Judgment when there had not been a default under the contract and, if

such a breach occurred, whether such breach constitutes an FDCPA

and/or TDCA violation.

(c)   *Typicality*. Plaintiff's claims are typical of Class and Subclass members'

claims because the claims arise from Defendants' standardized conduct

as set forth in the *Factual Allegations* above

(d)   *Adequacy*. Plaintiff will fairly and adequately protect Class and Subclass

members' interests because his interests are not averse to absent class

members and because he is committed to vigorously litigating this

matter. Plaintiff has retained counsel experienced in handling consumer

lawsuits, complex legal issues, and class actions.

80.    This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the

questions of law and fact common to all Class and Subclass members predominate over

any questions affecting any individual member, and a class action is superior to other

available methods for the fair and efficient adjudication of the controversy. The

individual joinder of all Class members is impracticable, class action treatment will

permit a large number of similarly situated persons to efficiently prosecute their

common claims in a single forum without unnecessary duplication of effort and

expense that individual actions engender, an important public interest is served by

addressing the matter as a class action, substantial expenses to litigants and judicial

system will be realized, and difficulties are unlikely in the management of a class action.

81.     Certification under Fed. R. Civ. P. 23(b)(2) is appropriate for the TDCA Subclass because Plaintiff and those Subclass may obtain injunctive relief under Tex. Fin. Code § 392.403(a)(1) upon the Court's determination that Defendants violated the TDCA to restrain such further violations.

82.     This action may also be maintained as a hybrid class action under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to the Class and Subclass members predominate over questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Class members and all Subclass members, is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, an important public interest is served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## VI.   FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT
### *(Against Capital One)*

83.     Plaintiff's Factual Allegations in Section IV are realleged and incorporated by reference.

84.     The Agreement is a valid and binding contract between Plaintiff and Capital One.

85.     Plaintiff performed all his obligations required under the Agreement.

86.     Plaintiff has never defaulted under the Agreement.

87.     The Agreement terms did not permit Capital One to record an Abstract of Judgment.

88.     The Agreement terms did not permit Capital One to place a lien against Plaintiff's property.

89.     Plaintiff was not in default when *Exhibit 2* was recorded.

90.     Capital One breached the Agreement by recording an Abstract of Judgment despite Plaintiff's ongoing full performance under the Agreement.

91.     Capital One breached the Agreement by demanding Plaintiff pay the entire balance due under the Agreement before it would release its lien against Plaintiff's property even though Plaintiff had never defaulted.

92.     Plaintiff was damaged by Capital One's breach of the Agreement.

93.     Based on the violations referenced above, Capital One is liable to Plaintiff and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class.

### VII.    SECOND CAUSE OF ACTION:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### (Against Moss P.C. and Moss)

94.     Plaintiff's "Factual Allegations" above in Section IV are realleged and incorporated by reference.

95.     Moss P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

96.     Moss is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

97.     The Debt is a "Debt" as defined by 15 U.S.C. §1692a(5).

98.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

99.     Moss violated the FDCPA in one or more following ways:

(a)     Using false, deceptive, or misleading representations or means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e and 1692e(3);

(b)     Making false, deceptive, and misleading representations regarding the character, amount, or legal status of any debt or means in violation of 15 U.S.C. § 1692e(2)(A);

(c)     Making false threats to take action that can neither legally be taken nor is intended to be taken in violation of 15 U.S.C. § 1692e(5);

(d)     Communicating or threatening to communicate to any person credit information that is known, or should be known, to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8);

(e)     Using false, deceptive, and misleading representations and means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(f)     Using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(g)     Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property when there is no present right to possession of the property claimed as collateral through an

enforceable security interest in violation of 15 U.S.C. § 1692f(6)(A);

and

(h)     Taking or threatening to take any nonjudicial action to effect

dispossession or disablement of property when the property is

exempt by law from such dispossession or disablement in violation

of 15 U.S.C. § 1692f(6)(C).

100.    Based on the violations referenced above, Moss is liable to Plaintiff and, if

this case is maintained as a class action under Fed. R. Civ. P. 23, to the Subclass for such

relief as allowed under 15 U.S.C. § 1692k.

## VIII.  THIRD CAUSE OF ACTION:
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### *(Against All Defendants)*

101.    Plaintiff's Factual Allegations in Section IV are realleged and incorporated

by reference.

102.    Moss P.C. is a "debt collector" within the meaning of Tex. Fin. Code §

392.001(6).

103.    Moss is a "debt collector" within the meaning of Tex. Fin. Code §

392.001(6).

104.    Capital One is a "debt collector" within the meaning of Tex. Fin. Code §

392.001(6).

105.    Moss P.C. is a "third-party debt collector" within the meaning of Tex. Fin.

Code § 392.001(7).

106.    Moss is a "third-party debt collector" within the meaning of Tex. Fin.

Code § 392.001(7).

107.    Moss P.C. is engaged in the act and/or practice of "debt collection" within the meaning of Tex. Fin. Code § 392.001(5).

108.    Moss is engaged in the act and/or practice of "debt collection" within the meaning of Tex. Fin. Code § 392.001(5).

109.    Capital One is engaged in the act and/or practice of "debt collection" within the meaning of Tex. Fin. Code § 392.001(5).

110.    The Debt, including the other amounts allegedly due under it, is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

111.    Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001(1).

112.    The Defendants' efforts, communications, and conduct to collect the Debt, violate the TDCA in one or more following ways:

(a)    Threatening to take an action prohibited by law in violation of Tex. Fin. Code § 392.001(a)(8); and

(b)    Making false, deceptive, and misleading representations regarding the character, extent, or amount of a consumer debt in violation of , or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code § 392.304(a)(8).

113.    Based on the violations referenced above, Defendants are liable to Plaintiff and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class and Subclass for such relief as allowed under 15 U.S.C. § 1692k.

## IX.   PRAYER FOR RELIEF

114.   WHEREFORE, Plaintiff respectfully requests the Court and Jury enter judgment in his favor and against Defendants as follows:

**A.    With respect to the First Cause of Action:**

      *(i)*    Certifying this action may be maintained as a class action under Fed. R. Civ. P. 23 including defining the Class and Subclass Claims, and appointing Plaintiff to represent the Class and Subclass and his attorneys as a Class counsel;

      *(ii)*    Awarding Plaintiff actual damages in an amount to be determined at the final hearing;

      *(iii)*    Awarding Class and Subclass members actual damages in an amount to be determined at the final hearing;

      *(iv)*    Awarding Plaintiff an incentive payment for his services to the Class in an amount the Court determines after the judgment is entered in favor of the Class;

      *(v)*    Reasonable and necessary attorney's fees which are equitable and just under Tex. Civ. Prac. & Rem. Code § 38.001;

      *(vi)*    Costs of court and reasonable and necessary attorney's fees;

      *(vii)*    Post-Judgment Interest; and

      *(viii)*    For such other relief as may be just, equitable, and proper.

**B.    With respect to the Second Cause of Action:**

      *(i)*    Certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 including defining the Class and Class claims, and

appointing Plaintiff to represent the Class and his attorneys as Class
counsel;

*(ii)*    Awarding Plaintiff actual damages in an amount to be determined
at the final hearing under 15 U.S.C. § 1692k(a)(1);

*(iii)*    Awarding Plaintiff additional damages in an amount to be
determined at the final hearing under 15 U.S.C. § 1692k(a)(2)(A);

*(iv)*    Awarding Class members statutory damages under 15 U.S.C. §
1692(a)(2)(B)(ii);

*(v)*    Awarding Plaintiff an incentive payment for his services to the Class
in an amount the Court determines after judgment is entered in favor
of the Class;

*(vi)*    Adjudging this action to be a successful action under 15 U.S.C. §
1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including
litigation expenses under 15 U.S.C. § 1692k(a)(3);

*(vii)*    For such other relief as may be just, equitable, and proper.

**C.    *With respect to the Third Cause of Action:***

*(i)*    Certifying that this action may be maintained as a class action under
Fed. R. Civ. P. 23 including defining the Class and Class claims, and
appointing Plaintiff to represent the Class and his attorneys as Class
counsel;

*(ii)*    Awarding injunctive relief to prevent or restrain Defendants' further
TDCA violations under Tex. Fin. Code § 392.403(a)(1);

(iii)    Awarding Plaintiff an incentive payment for his services to the Class in an amount the Court determines after judgment is entered in favor of the Class;

(iv)    Awarding Plaintiff actual damages under Tex. Fin. Code § 392.403(a)(1);

(v)     Awarding Plaintiff, to the extent the recovery of attorney's fees, litigation expenses, and costs under Tex. Fin. Code § 392.403(a)(1) causes a negative tax consequence, a sum sufficient to ameliorate such consequences; and

(vi)    For such other relief as may be just, equitable, and proper.

## X.    JURY DEMAND.

115.    Demand is hereby made for trial by jury.


Dated: April 27, 2022                           Respectfully submitted,

                                                *s/ Andrew T. Thomasson*
                                                Andrew T. Thomasson (NJ Bar No. 048362011)
                                                Benjamin T. Trotter (TX Bar No. 24082567)
                                                    THOMASSON PLLC
                                                16414 San Pedro Avenue, Suite 700
                                                San Antonio, TX 78232-2272
                                                Telephone: (973) 312-0774
                                                Facsimile:  (973) 559-5779
                                                E-Mail: Andrew@Thomassonpllc.com
                                                E-Mail: Ben@Thomassonpllc.com

                                                *Attorneys for Plaintiff, Mark Main*