# MOSS LAW FIRM, P.C.
*Attorneys at Law*

4010 82nd Street, Suite 230 (79423)
P.O. Box 65020
Lubbock, Texas 79464
Toll Free: (866) 263-0515
Phone: (806) 796-7375
Facsimile: (806) 771-0062
TTY: 711

November 8, 2019

<u>Via Email: btrotter.law@gmail.com</u>
Benjamin Trotter
923 South Alamo STE 2
San Antonio TX 78205

RE:   CAPITAL ONE BANK (USA), N.A.
      MARK MAIN
      Our File No. 289410
      Account No. XXXXXXXXXXXX0668
      Cause No. 41DC1901631; CAPITAL ONE BANK (USA), N.A. vs. MARK MAIN; In the JUSTICE COURT PRECINCT 4 of BEXAR County, Texas

Enclosed herein is a proposed *Agreed Judgment* in connection with the above-referenced case. This Agreed Judgment provides for a final disposition of this case. Also enclosed is a proposed *Non-Execution Agreement*, which reflects the terms of a proposed settlement and payment plan. If they meet with your approval, please have both documents executed and return them to my office within 10 days.

Payment can be made via check-by-phone by calling 1-866-263-0515. Otherwise, a physical check, cashier's check or money order should be made payable to CAPITAL ONE BANK (USA), N.A. and mailed to: **Moss Law Firm, P.C., P.O. Box 65020, Lubbock, Texas 79464**. Please include account number(s) on any physical check, cashier's check or money order.

**<u>If the attached Agreed Judgment and Non Execution Agreement are not signed and returned within 10 days from the date of this letter, we may proceed forward with this case. In order to accept this settlement, you must sign and return BOTH the Agreed Judgment and the Non Execution Agreement.</u>**

Information about this transaction may be reported to Federal and State revenue authorities in the form of a 1099C as required under applicable laws and regulations. Please consult your tax advisor if you have any questions.

**WE ARE ATTEMPTING TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Sincerely,

Moss Law Firm, P.C.

NO. 41DC1901631

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A. | § | IN THE JUSTICE COURT |
| | § | |
| vs. | § | PRECINCT 4 OF |
| | § | |
| MARK MAIN | § | BEXAR COUNTY, TEXAS |

## AGREED FINAL JUDGMENT

On this day came on the above-entitled and numbered cause wherein Plaintiff is CAPITAL ONE BANK (USA), N.A.; and MARK MAIN is the Defendant; and no jury having been demanded and the parties having agreed to the entry of this Judgment and the Court being of the opinion that such Agreed Judgment should be entered;

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff do have and recover of and from the Defendant, MARK MAIN, as follows:

Plaintiff:                                                          **CAPITAL ONE BANK (USA), N.A.**
Defendant:                                            **MARK MAIN**

1. Principal awarded:                            $4,804.39

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff have and recover the court costs in this cause expended; that Plaintiff recover interest on all of the above sums at the rate of 0.00% on the total amount of the judgment from the date of judgment until paid; and that Plaintiff have their execution thereof. All relief not granted herein is denied.

**SIGNED** by the Judge this _____ day of _____, 20___.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND CONTENT:**

_____
**MARK MAIN**
**DEFENDANT**

Michael A. Moss, State Bar No. 24054360
Moss Law Firm, P.C.
P.O. Box 65020, Lubbock, Texas 79464
Email: e-Service@mosslawfirmpc.com
**ATTORNEYS FOR PLAINTIFF**

Benjamin Trotter
923 South Alamo STE 2
San Antonio TX 78205
**ATTORNEYS FOR DEFENDANT**

NO. 41DC1901631

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A. | § § | IN THE JUSTICE COURT |
| vs. | § § | PRECINCT 4 OF |
| MARK MAIN | § | BEXAR COUNTY, TEXAS |

**NON-EXECUTION AGREEMENT**

1. <u>Parties to Agreement.</u> This agreement is between CAPITAL ONE BANK (USA), N.A. ("Plaintiff") and MARK MAIN ("Defendant").

2. <u>Judgment.</u> The parties have agreed to a judgment in the above-styled case, and a true and correct copy of that Judgment is attached hereto. The parties have further agreed to this Non-Execution Agreement.

3. By signing this agreement below, Defendant agrees to the entry of a Final Judgment in the above styled suit, in favor of Plaintiff and against Defendant, for a principal balance of $4,804.39 regarding account number XXXXXXXXXXXX0668, plus cost of court, as well as interest on the total amount of the Judgment, at the rate of 0.00%, from the date of Judgment until paid. It is further agreed and understood by the parties to this agreement, that while Plaintiff has provided an Agreed Judgment for Defendant to sign, failure to sign and return the Agreed Judgment will not prevent Plaintiff from seeking the Final Judgment set forth in this paragraph. In fact, it is expressly understood and agreed that Plaintiff may either file the Agreed Judgment if signed and returned by Defendant, or Plaintiff may, at Plaintiff's option, file a Motion for Final Judgment with the Court as set forth in this paragraph. Plaintiff may file this Non-Execution Agreement with the Court in support of the Motion for Judgment, but if so will redact the details of the Settlement set forth in paragraph 6 below.

4. <u>Agreement Not to Execute.</u> So long as Defendant abides by the terms of the Payment Plan set forth in this Agreement, Plaintiff agrees not to execute on the Judgment.

5. <u>Judgment/Non-Execution Agreement.</u> It is expressly understood that the purpose of this payment plan is to provide the Defendant with a method and manner by which Defendant may pay the Judgment and stay execution of the Judgment. It is not the Plaintiff's nor the Defendant's intent that this agreement be accepted in satisfaction of the Judgment; rather, this is only an agreement which provides the method by which the Defendant may make payments on the Judgment and, in turn, ensure Plaintiff will not execute on the Judgment. The Judgment will not be satisfied until such time as all payments have been made as set out in this agreement.

6. <u>Payment Plan.</u> Judgment Defendant agrees to pay $2,470.00 in settlement of the Judgment ("Settlement Amount"). Defendant agrees that the Settlement Amount will be paid with one payment of $170.00 on or before December 5, 2019, followed by monthly payments of

Page 1

$100.00 beginning on or before January 5, 2020 and the same day of each month thereafter until the Settlement Amount is paid in full. Checks or money orders should be made payable to CAPITAL ONE BANK (USA), N.A., with Plaintiff attorney's file number 289410 and/or the last 4 digits of Defendant's account number (XXXXXXXXXXXX0668) listed on the front of the check or money order (the "Monthly Payment"). Payments are to be sent to Creditor's counsel at the following address: Moss Law Firm, P.C.; P.O. Box 65020, Lubbock, Texas 79464. Defendant acknowledges and agrees that in the event Defendant fails to complete the agreed upon Payment Plan, the full amount of the Judgment will be owed, less any payments made, and Plaintiff may execute on the Judgment.

7. 1099C. The consumer acknowledges and agrees that CAPITAL ONE BANK (USA), N.A. has not provided, and will not provided, any tax advice to the consumer, and CAPITAL ONE BANK (USA), N.A. has not otherwise made any representation or warranty about tax consequences, if any, associated with this Agreement; provided, however, that CAPITAL ONE BANK (USA), N.A. may issue one or more 1099 Forms in accordance with federal law related to debt incurred by the consumer but not paid and/or payments or credits made by CAPITAL ONE BANK (USA), N.A. to or for the benefit to the consumers and/or the consumers counsel pursuant to this Agreement. The consumer is solely responsible and hereby releases and holds CAPITAL ONE BANK (USA), N.A. harmless for any and all potential and/or actual tax consequences that result from this Agreement.

8. Confidentiality of Agreement. Defendant and Defendant's attorney, if any, agree to keep the terms of this Agreement and the facts and circumstances underlying the Litigation confidential and not to disclose the same to anyone, other than each other. The parties agree that this Non-Execution Agreement shall not be filed unless required by the Court or unless and until Defendant fails to make the payments agreed upon in the Payment Plan.

9. Complete Payment Plan Agreement. This Non-Execution Agreement is the complete agreement between Plaintiff and Defendant concerning the non-execution of the judgment as well as the payment plan regarding the settlement of this account. Plaintiff and Defendant have made no other written or oral agreements related to the settlement of this Account.

10. Understanding of Agreement. Defendant states Defendant has read, understands and agrees to the terms of this Agreement, and/or has discussed same with Defendant's attorney, if any.

11. Execution in Counterparts. This Agreement may be executed in counterparts, either in original form or in the form of facsimile copies, all of which taken together shall collectively constitute one agreement binding on all parties.

12. **RELEASE.** MARK MAIN, whose signature is below, releases and discharges CAPITAL ONE BANK (USA), N.A. and all of its respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioned's respective agents (including but not limited to Moss Law Firm, P.C., Michael A. Moss, Rebecca A. Moss, Robert D. Frye, Mark S. Dube, Samuel E. Sprowles, David E. Wright, Amber O. Teal, and Kristen L. Ayers), employees, officers, directors, shareholders, attorneys, collection agencies,

credit reporting agencies and vendors (the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that MARK MAIN may have with respect to the Litigation, the Account that is being settled, collection of the Account, any tax reporting relating to the Account or settlement of the Account, reporting the Account to the credit bureaus (TransUnion, Experian, Equifax), accessing MARK MAIN's credit history, or any other matters between MARK MAIN and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Litigation as of the date of this Agreement.

13. Despite Defendant agreeing to a Judgment, it is further agreed that in exchange for CAPITAL ONE BANK (USA), N.A.'s willingness to permit Defendant to settle the account and pay the Settlement Amount in installments, Defendant agrees to toll the running of any applicable statute of limitations as it relates to this claim. This tolling agreement will be in effect for one hundred and eighty days from the date this Agreement is signed by Plaintiff's attorney. This provision is only applicable in the unlikely event the court fails to grant the Judgment agreed to and the suit is no longer pending, for any reason.

_____  
MARK MAIN  
**DEFENDANT**

Date: _____

_____  
**ATTORNEY FOR PLAINTIFF**

Date: _____

_____  
Benjamin Trotter  
923 South Alamo STE 2  
San Antonio TX 78205  
**ATTORNEY FOR DEFENDANT**

Date: _____